THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO ZEPNICK, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of assault in the third degree, unanimously affirmed. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

FLORENCE W. E. RICHARDS, as Executrix, etc., of EUGENE LAMB RICHARDS, Deceased, Appellant, v. FRED Y. PRESLEY and Others, Respondents.— Judgment reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in accordance therewith, the order to be settled on notice. We are of the opinion that plaintiff's testator and defendants Presley and Guardian Detroit Company were joint venturers, and that defendant National Investors Corporation, by reason of benefits received, must also account to the plaintiff. The release given by the plaintiff, dated February 9, 1928, was procured by reason of representations made that the formation of National Investors Corporation marked the beginning of a new enterprise which was Presley's creation and separate and distinct from any enterprise which Richards had worked upon or been interested in; that the plan in which Richards had been interested had been abandoned as a failure, and that Richards was merely an employee in connection with this alleged new venture and had done very little work in connection therewith. This view is not justified by the evidence. Plaintiff's testatrix should have been fully informed of all transactions from the beginning of her husband's connection with the enterprise. The release, therefore, must be set aside and an accounting ordered. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

MABEL F. SAMPSON, Respondent, v. LESLIE G. SAMPSON, Appellant.— Order denying defendant's motion, made pursuant to section 1172-a of the Civil Practice Act, to be relieved from the payment of alimony and counsel fee and from the provisions of an order adjudging him in contempt reversed on the law and the facts, without costs, and motion granted to the extent of reducing the alimony to twenty-five dollars a week and the counsel fee to one hundred dollars and of relieving him of the contempt order upon condition that he pay five dollars per week on account of the back alimony as it becomes due; the balance of the reduced counsel fee, fifty dollars, to be paid as follows: Twenty-five dollars within ten days after the entry of the order herein, and the balance on or before the trial; otherwise, order affirmed, with ten dollars costs and disbursements. In the circumstances shown, the fixation of alimony and counsel fee in the original order was excessive and beyond appellant's present ability to pay. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents and votes to affirm.