ESTHER HELLER, Plaintiff, *v*. MAX HELLER, Defendant.

Supreme Court, Special Term, Albany County, November 18, 1936.

*Thomas A. Allen*, for the plaintiff.

*Nathan H. Richman* and *Samuel D. Cooper*, for the defendant.

BERGAN, J. The action is for a separation. On the 2d day of November, 1929, an order was entered directing the defendant to pay the sum of twenty dollars per week alimony during the pendency of the action, and $100 as counsel fees. On the 13th day of July, 1931, an order adjudging the defendant guilty of a contempt for the failure to conform with the directions in respect of temporary alimony and counsel fees, and fining him the sum of $250 was entered.

Defendant applies for an order modifying the order directing the payment of alimony and counsel fees and relieving him of the contempt. While the court has always had power to modify directions with respect of the payment of alimony during the pendency of an action, as the situation of the parties from time to time changed, the right to relieve a party of an adjudication of contempt for reasons other than those antecedent to the adjudication, and for causes arising subsequent to the order of punishment has not usually been exercised. Such power now exists,

however, by virtue of express provision of statute. (Civ. Prac. Act, § 1172-a, subd. 1, added by Laws of 1933, chap. 685.)

This subdivision provides that, where the court is satisfied that a person who has been directed to make payment of alimony or has been punished for contempt for failure to conform with such a direction is "financially unable to comply with the order or judgment to make such payment" may "modify the order of judgment to make such payment and relieve him from such contempt order." Since the enactment this power has been exercised. (*Sampson* v. *Sampson*, 243 App. Div. 636; *Bamboschek* v. *Bamboschek*, 150 Misc. 885.)

This has been done as well with the provisions of orders to punish for contempt as with orders and judgments directing the payment of alimony. (*Singer* v. *Singer*, 246 App. Div. 850.)

I think the present financial condition of the defendant warrants a modification of the order of November 2, 1929, by striking out the directions for the payment of temporary alimony and counsel fees. The action has now been at issue for a period in excess of seven years and the statement of the moving affidavit is not denied that in the interim the defendant has paid the sum of $700 to the plaintiff. The action should now either be tried or discontinued. It is not the office of an order for the payment of temporary alimony during the pendency of an action, to continue over long periods of time where the action could otherwise be determined. The defendant is relieved of the provisions of the order adjudging him in contempt upon condition that on or before the 27th day of November, 1936, he pay to the plain iff the sum of seventy-five dollars. (*Sampson* v. *Sampson, supra.*)

Submit order. No costs.