Benjamin Brenner, J.
The plaintiff wife moves to punish the defendant husband for contempt for failure to pay temporary alimony and the defendant cross-moves for a reduction of the award. Defendant was employed as a stevedore until he was injured in April of 1958, for which he has been receiving weekly compensation of $48.48 to date. His income tax returns for 1956 and 1957 disclose gross income of approximately $3,500 and $3,700 for those respective years.
*836 On January 13, 1959 this defendant was directed to pay $60 weekly for the support of the plaintiff and the issue of the marriage and was required to pay carrying charges for the property jointly owned by the parties. He contends that it is altogether impossible for him to comply with this order, at least until the award is reduced. Admittedly, the defendant’s financial circumstances have not changed since the entry of the order. The wife asserts that this fact bars modification and she urges further that any modification must be affirmatively sought by separate application therefor.
It is true that a party seeking modification is ordinarily required to affirmatively and separately move therefor and that a prerequisite for the relief is the fact of changed circumstances. (Witkowski v. Witkowski, 271 App. Div. 901.) It is equally the rule that upon an application to punish for contempt the court may, in its discretion, as provided in subdivision 3 of section 1172-a of the Civil Practice Act, modify the alimony award upon evidence of financial inability to comply with its provisions. (Myers v. Myers, 252 App. Div. 768; Sampson v. Sampson, 243 App. Div. 636.)
It is the acknowledged absence of changed circumstances in the case at bar which presents the real difficulty for, obviously, any modification of an award without such changed circumstances involves a review and possible alteration of a determination made by a court of co-ordinate jurisdiction, which ordinarily would be improper. It should, however, be borne in mind that a temporary award following oral argument or a submission of motion papers for alimony pendente lite is not the result of the sort of deliberate determination which a court of co-ordinate jurisdiction must scrupulously support, such as a final decree which is based upon a hearing or a trial. In effect, the fact issues as to means and income raised by the motion papers upon such motion for temporary relief remain untested through time-honored techniques of examination and cross-examination. Since here the husband is willing to subject himself to such a test at a hearing for the purpose of establishing that the requirements of the award are impossible for him to meet and that his financial circumstances are such that he was and still remains incapable of complying therewith, it seems to me reasonable that he be permitted to do so (Larotondo v. Larotondo, 285 App. Div. 899; Abbey v. Abbey, 7 A D 2d 910) before he be subjected to the harsh remedy of punishment for a contempt which he insists he did not willfully commit.
*837 The motion to punish for contempt and the cross motion to modify are referred to an Official Referee to hear and report, unless the parties consent to a reference to hear and determine, in which event the order to be settled on notice will so provide.