Henry J. Latham, J.
Tbe defendant in this action for a separation moves (a) to dismiss the complaint for lack of prosecution and (b) to be relieved of the order adjudicating him to be in contempt of court because of his alleged financial inability to comply with the terms and conditions thereof and of the order directing the payment of temporary alimony and to modify the same so as to reduce temporary alimony from $50 to $20 per week.
The motion to dismiss for lack of prosecution is denied, in view of all of the circumstances presented, and in any event the case has been placed upon the calendar for the June 1959 Term.
The plaintiff opposes defendant’s motion to be relieved of the contempt order upon the ground that there is no present application to punish the defendant for contempt; that an *468 application for such, relief has previously been made and granted punishing the defendant for contempt for failure to pay $6,045, in which proceeding defendant had pleaded his financial inability to comply with the existing order; that an appeal to the Appellate Division resulted in the direction for the issuance of an order of commitment and that there is now a determination by Mr. Justice Shapiro directing a commitment to issue, although the signing of the order thereon was withheld until after the disposition of this motion.
Subdivision 1 of section 1172-a of the Civil Practice Act expressly provides that a person who ‘ ‘ is directed to make payment of any sum or sums of money and against whom an order to punish for a contempt of court has been made * * * [may] make application to the court for an order relieving him from such payment and such contempt order ’ ’ where he shows that he is “ financially unable to comply with the order or judgment to make such payment.” (Heller v. Heller, 161 Misc. 492 and the authorities there cited; 18 Carmody-Wait, New York Practice, pp. 539-542.)
The proof and evidence offered and submitted by the defendant in support of his claim that lie is financially unable to make the payments are disputed by the plaintiff, and this court cannot, upon the. affidavits alone, resolve such dispute. Accordingly, the defendant’s motion to be relieved of his contempt, pursuant to the statute mentioned above, and to reduce future alimony is respectfully referred to an Official Eeferee to hear and report, unless the parties agree that the reference be to hear and determine, in which event, of course, there will be no necessity to furnish the stenographic minutes of the hearings to the court nor to make any motions to affirm or disaffirm, as the case may be, such report as may be rendered by the Official Eeferee.
Settle orders.